IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRECK LAMONT ARNOLD, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-09-0162 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| *Respondent*. | § | |

**ORDER OF DISMISSAL**

Breck LaMont Arnold, a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his denial of parole. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he was convicted of six drug-related felony offenses on May 9, 2003, and sentenced to thirty years incarceration. He states that, commencing in 2006 and continuing through 2009, the Texas Board of Pardons and Paroles (the "Board") has denied him parole for the same written reasons. Petitioner complains that, because the Board continues to rely on the same false or unchanging reasons, including his criminal history, he

will never be released to parole. Petitioner claims that this constitutes double jeopardy and unlawfully denies him his right to parole.

*Analysis*

The federal due process clause is invoked only where state procedures imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the due process clause, and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). It is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). *See also Hughes v. Owens*, 320 Fed. App'x. 271(5th Cir. 2009). Nor does the denial of release to parole constitute additional punishment for purposes of double jeopardy. *Olstad v. Collier*, No. 08-50483, 2009 WL 1116284 (5th Cir. 2009); *Coronado v. United States Bd. of Paroles*, 540 F.2d 216, 218 (5th Cir. 1976). As a result, petitioner raises no cognizable ground for federal habeas relief in the instant petition.

*Conclusion*

The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on August 17, 2009.

_____
Gray H. Miller
United States District Judge